# BANKS vs. BANKS.

*Twelfth District Court for San Francisco Co., Nov. T., 1857.*

## DIVORCE—ALIMONY.

Where a wife leaves her husband and institutes proceedings for a divorce, he will be compelled to furnish her with alimony, provided the allegations of the bill and the admissions of the answer make out a *prima facie* case for plaintiff. *Aliter*, if not.

This rule will not be relaxed, though the answer may contain facts which, if proven, would work a justification of the wrongs alleged in the complaint.

The material facts are stated in the opinion.

*B. S. Brooks*, for plaintiff.

*Holladay & Cary*, for defendant.

NORTON, J.—This is an application for an allowance of temporary alimony to the wife, the plaintiff, which has been strenuously resisted

by the defendant. It appears that while she was living with her husband he furnished her amply with food and clothing, &c., and avers a willingness to do so again, provided that she will return, but declines unless she shall so do. From these facts his counsel conclude that she ought not to have left him, and that, having thus left him without sufficient cause, he should not be compelled to furnish her with support, unless she return. He has cited authorities to sustain this position, but I think that he has mistaken the principle upon which they rest. The case from 3 *Paige,* 267, was one in which the wife left her husband because he would not allow her to attend a particular church, and which, although an unreasonable exercise of his marital power, does not present a *primâ facie* case for allowing a divorce. But in this instance the plaintiff not only alleges facts sufficient to make out a *primâ facie* case, but there is abundance admitted in the answer to present it in that character. The difficulty seems chiefly to have arisen on account of a deaf and dumb boy of plaintiff's, whom defendant once whipped, and whom he at a subsequent time turned out of doors. He admits the fact of whipping, but alleges, in justification, that he had caught the boy stealing money, and that the act complained of was a punishment; he also admits that he turned the boy out of doors, but alleges it was because he was disobedient. The wife also avers that defendant has treated her badly—has struck her, and locked her up when she remonstrated against her deaf and dumb boy being turned out of the house. This is also admitted, but it is alleged that the striking was in self-defence, she having first assaulted him. Although the facts set up in the answer would, perhaps, if proven, work a justification, yet those which are admitted are sufficient to make out a *primâ facie* case, and therefore remove the case from the operation of the principle upon which the former adjudications cited by the counsel were founded. The referee, to whom the question of alimony was referred, reported that a suitable allowance was $50 per month to the wife for temporary alimony, and $150 a reasonable counsel fee. This latter I reduced to $100 upon the representation of the counsel opposing, that there would be very little contest in the case—a representation not very well borne out by the subsequent facts. Plaintiff's motion must be granted, and it is ordered that the defendant pay to plaintiff the sum of $50 for immediate alimony.